### Le Gierse & Co. v. Jacob R. Green.

(Case No. 1799.)

1. CONTRACT — LEASEHOLD INTEREST.— The assignees of a leasehold interest are liable for rent accruing according to the terms of the contract of lease.
2. LANDLORD AND TENANT — LIABILITY OF THE PURCHASER OF A LEASEHOLD INTEREST.— On the 30th October, 1880, a lessee assigned his lease, and three days afterward wrote to the assignee directing him to apply the rents, one-half to pay a debt due his firm, the other half to a second firm, and, when both were paid, then to apply them to paying a third firm. The assignee appended the following note to the letter: "This supersedes our former instructions." On the same day the leasehold interest of the original lessee was levied on, and afterwards purchased at sheriff's sale by the assignee, and the two other firms, who received a deed, and managed the property, receiving rents, etc., for the three firms named in the letter of instructions. In a suit by the owner of the fee in the property against the three firms for the rent, *held:*

    (1) The jury was authorized to look to the fact of purchase and subsequent use of the property to ascertain if the title to the leasehold interest passed by the assignment of October 30th, or by the sheriff's sale, and whether the transfer of October 30th was made in the interest of the three firms.

    (2) If the assignment or purchase was made for the benefit of all three of the firms, then they were all liable to the owner of the property for rent.

    (3) The facts warranted the conclusion that the title to the leasehold interest remained in the original lessee until the sheriff's sale, and, under the facts, the court was not authorized to determine, as matter of law, that the title vested under the assignment of October 30th in the assignee therein named.

    (4) The fact that the owner of the property had prosecuted a suit (under which nothing had been collected) against the original lessee to collect his rents did not relieve the assignee or purchasers of the leasehold interest from liability. See opinion for a charge on this subject approved.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

The appellee Green sued, as plaintiff, Le Gierse & Co., G. W. Bird & Co. and Focke & Wilkins, as defendants, to recover from them the rent due under a written lease from Green to Bear Bros. & Hirsch, claiming that the defendants in the suit were liable to Green for the rent due, by reason of the fact that the defendants in the suit were purchasers of the leasehold interest of Bear Bros. & Hirsch at a sale made under a judgment of foreclosure of attachment in a suit against Bear Bros. & Hirsch. The defense interposed was that the defendants had rented the leased property under an independent agreement with Bear Bros. & Hirsch, tenants of Green, plaintiff in the suit, whereby they were authorized to collect

the rents and apply the proceeds thereof to the satisfaction of debts due to them as creditors of Bear Bros. & Hirsch; that Green allowed the defendants to collect the rents during the entire term of the lease, well knowing that they were renting the property not as assignees of the lease to Bear Bros. & Hirsch, but for account of Bear Bros. & Hirsch, and, so knowing, consented thereto. The suit resulted in favor of the plaintiff against the defendants, and judgment was rendered against them for about $3,000, being for the monthly rents, as stipulated in the lease to Bear Bros. & Hirsch, together with interest on each monthly payment from the dates of their becoming due under the lease.

A special plea pleaded an estoppel against appellee, on the ground, substantially, that by words and acts he had agreed that appellants should enjoy the rents of the premises as creditors of Bear Bros. & Hirsch, and that he would look alone to the latter firm for his rents.

Appellants took possession of the property and received and distributed among themselves the rents thereof.

Attachment was sued out by advice of Clark & Dyer, attorneys, and levied, by their direction, on the leasehold estate, right and interest of Bear Bros. & Hirsch in the Green property, then in possession of the sheriff of McLennan county, under writs of attachment of creditors of Bear Bros. & Hirsch, on their stock of goods in Green's house. The writ was issued and levied at 3:30 P. M. of the same day the assignment was made of the lease by Bear Bros. & Hirsch to Le Gierse & Co. Mr. Dyer, attorney for the plaintiffs in attachment, testified that the property so seized was sold, under foreclosure of the writ, on the first Tuesday in February, 1881, and he bought it in at that sale for all the appellants, wrote the return of the sheriff on the order of sale, and procured the sheriff to sign it, and wrote the conveyance of the interest so sold to the appellants, and procured the same to be signed by the officer; and the conveyance was then delivered to his firm, in whose hands it still was. The witness stated that, so far as was known to his firm, the attachment suit of G. W. Bird & Co. was brought alone for their account and not in pursuance of any understanding between them and the other appellants; but, on the ground of privilege of counsel, he declined to answer several questions propounded by appellee: As to whether he or his firm had any agency with respect to the property after the levy of the attachment; the terms, period and extent of the agency, if any; whether empowered by G. W. Bird & Co. alone, or in connection and association and pursuant to an understanding with others, and what others; what was done under the

agency; what was done with the property after the sale; who collected the rents; to whom and for whose benefit were the rents collected paid; whether he was not the agent of appellants to bid in the property for their mutual account, etc. The sheriff testified that the bidding at the sale was done by Mr. Dyer for appellants. Bear, witness for appellants, testified that appellee brought suit against his firm (Bear Bros. & Hirsch) for the rent for the entire term of the lease to them, and in prosecution of that suit seized several thousand dollars' worth of their property and sought to subject it to his rent claim; that after this Bear Bros. & Hirsch transferred the Green lease to Le Gierse & Co., with the understanding that they should rent the premises and apply the rents to the debts due them by Bear Bros. & Hirsch; that afterwards a different arrangement was made, expressed by their letter to Le Gierse & Co. of November 2, 1880, which will be found in the opinion.

Oppenheimer, a witness for appellants, was the agent of Le Gierse & Co., and made the agreement with Bear Bros. & Hirsch for them, whereby the lease was transferred to Le Gierse & Co. He stated that afterwards the agreement of November 2, 1880, was made, and property taken possession of, and rents received and distributed thereunder. The agreements referred to by witness were between Bear Bros. & Hirsch and all the appellants. Green knew nothing of them.

Mr. Lasker, one of appellants, testified that Clark & Dyer rented the property for appellants, and the rents had been received and distributed under the terms of the letter of November 2d; that appellants always thought Green had concluded to look to his suit against Bear Bros. & Hirsch for his rents, and not to them; that at the date of the February sale Le Gierse & Co., through tenants, were in possession of the property under the agreement of November 2d, and had been since; that before the letter of November 2d there was an agreement to distribute the rents as stated in that letter; that the attachment sale was made under advice of counsel, who thought such a sale might save litigation in some way; that the sale was made merely to prevent any claim against appellants by some person who might have bought at that sale or some other attachment sale; or, at least, that was the witness' understanding from "our lawyers."

*McLamore & Campbell*, for appellants, cited: R. S., art. 3316; Haldeman *v.* Chambers, 19 Tex., 46; Hogan *v.* Crawford, 31 Tex., 633; Summers *v.* Hancock, 23 Tex., 150.

*Hume & Shepard*, for appellee, cited: Stillman & Bros. *v.* Hurd, 10 Tex., 109; Wood's Land. and Ten., secs. 325, 333, 350; Butler *v.* Hildreth, 5 Metc. (Mass.), 52; McKeon *v.* Whitney, 3 Denio, 452; Chipman *v.* Martin, 13 Johns., 240,— to the point that the pursuit of his remedy, or supposed remedy, against Bear Bros. & Hirsch did not impair appellee's right to proceed against appellants, or in any manner estop him from resorting to them for the rents due him.

Harvey *v.* McGrew, 44 Tex., 412; Taylor's Land. and Ten., sec. 449; Wood's Land. and Ten., secs., 310, 335, 336, 434; Lee *v.* Payne, 4 Mich., 106,— to the point that assignee of lessee is liable for rent to the lessor under the terms of the lease.

Wilson *v.* Watkins, 3 Pet., 50; Taylor's Land. and Ten., sec. 456; Wood's Land. and Ten., secs. 3, 310, 334, 335, 336; Barteelo *v.* Creditors, 11 La. An., 434–5; D'Aquin *v.* Annaut, 14 id., 218–19; Sutliff *v.* Atwood, 15 Ohio St., ·186; Dorrance *v.* Jones, 27 Ala., 630; Patton *v.* Deshew, 1 Gray (Mass.), 325; McMurphy *v.* Minot, 4 N. H., 251; Glover *v.* Wilson, 2 Barb., 264,— to the point that one coming in by operation of law (as a purchaser of the lease under execution) is bound to pay rent to the landlord, just as if he were assignee by contract.

STAYTON, ASSOCIATE JUSTICE.— If the appellants became the assignees of the leasehold interest conveyed by the contract between Jacob R. Green and Bear Bros. & Hirsch, then they became liable and bound to pay the rents in accordance with that agreement. Harvey *v.* McGrew, 44 Tex., 413; Wood's Land. and Ten., 310, 335, and cases cited.

Whether they so became was a question for the jury under the evidence, and this the court properly submitted to the jury.

The acts and contracts of the parties were of such character as to leave it uncertain what the real intention of the parties, under the contract between Le Gierse & Co. and Bear Bros. & Hirsch, of date October 30, 1880, was. That contract, tested by itself, would operate an assignment of the lease to Le Gierse & Co. alone. Such, however, is not shown to have been the intention of the parties otherwise than as it may so appear by the language of the contract.

On the same day that contract was made the attachment sued out by Bird & Co. was levied on the same leasehold interest.

On the 2d of November, 1880, Bear Bros. & Hirsch sent to Le Gierse & Co. the following letter:

"Waco, Texas, November 2, 1880.

" *Messrs. Le Gierse & Co., Galveston:*

"Gents: Having transferred you our lease on the N. E. half of lot 4, block 7 (store-house in which we have been doing business), *we hereby authorize you* to have the property rented out; to apply proceeds of rents collected therefrom as follows, viz.: Pay one-half of said rents each to G. W. Bird & Co., and the other half to credit of claims you hold against us; and when G. W. Bird & Co. are fully paid and your claim is paid up to within $100 of its total amount, then pay balance of rents you may collect (if any) to Focke & Wilkens, of Galveston, Texas, for our account and credit.

"Bear Bros. & Hirsch.

" This supersedes their former instructions to us, stated yesterday."

This was a letter of instructions from parties who had no right to instruct, if the rights of Le Gierse & Co. were such as the language of their contract of October 30th would evidence; if, however, that contract was unreal, and notwithstanding its existence the estate still vested in Bear Bros. & Hirsch, then they had the right to instruct, or, if that contract was really made for the benefit of the three firms who are now appellants, the proceeds of the estate to be disbursed as Bear Bros. & Hirsch should direct, then, whatever may have been the form of the contract, the appellants were in legal effect assignees, and if the contract really made so contemplated, Bear Bros. & Hirsch might instruct as to manner of distribution of moneys to be realized.

The letter seems to have been acted upon, and if the memorandum which follows the letter was made by Le Gierse & Co., and this its tenor would indicate to be true, then it appears that Bear Bros. & Hirsch had assumed the right to instruct on the day preceding, and that such right was recognized by Le Gierse & Co.

In the ordinary course of business such right could only be recognized by Le Gierse & Co., if in fact the leasehold estate was intended, as between them and Bear Bros. & Hirsch, still to remain in the latter, or to vest in the former in trust for themselves and the other firms now appellants.

The subsequent conduct of the parties is consistent with the existence of such understanding between the parties on the 30th of October.

On that day the attachment in favor of Bird & Co. was levied on the same estate, and when it was foreclosed the property was bought by the three firms now appellant, and a deed was made by

the sheriff to them. This occurred in February, 1881, and that Le Gierse & Co. should have joined in this purchase, if in fact they were really the owners under their contract of October 30th preceding, was highly improbable.

These, in connection with the management of the property for the benefit of the three firms appellant, were facts to which the jury might look for the purpose of determining whether the title really passed from Bear Bros. & Hirsch by the contract between them and Le Gierse & Co. of October 30th, or by the sheriff's sale in February succeeding, or for the purpose of determining whether the contract of October 30th was really made for the benefit and in the interest of the three firms; for if either of the last named conditions existed, then the appellants were in legal effect assignees and liable to pay the rents to Green in accordance with the agreement which Bear Bros. & Hirsch had made with him, which, under their written contract, would carry interest on each monthly instalment after the same became due.

If it was thought by the appellants that the charge of the court was not sufficiently full upon the question as to whether or not the title to the leasehold interest really passed by the sale made by the sheriff on the first Tuesday in February, 1881, instructions more clearly presenting that question should have been asked.

The evidence would have justified the finding that the title remained in Bear Bros. & Hirsch until that time, and, under all the facts in the case, the court could not have determined, as matter of law, that the title really vested in Le Gierse & Co. under the contract of October 30, 1880.

The answer sought to relieve the appellants from responsibility, upon the ground that the appellee had impliedly agreed that the appellants might appropriate the rents of the property to their own use without liability, or upon the ground that his acts had been such as to preclude him from asserting claim against them.

The sole facts upon which these defenses were based were that Green had attempted to collect the rent from Bear Bros. & Hirsch, and had never made demand on appellants until he had failed so to do.

The effort of Green to collect from Bear Bros. & Hirsch was but the exercise of a legal right; for they were bound to him by their contract, and its exercise could in no way have misled or prejudiced the appellants, but would have been to their benefit if successful.

At the same time the appellants, if assignees of the lease, were liable for the rent by reason of their privity of estate, and of this, as

matter of law, they could not have been ignorant.  Wood's Land-
lord and Tenant, 333, and citations; Patton *v.* Deshon, 1 Gray, 330.

Nothing short of an agreement, express or implied, binding in
law, would relieve them from such liability, and the court did not
err in instructing the jury that " the mere fact that the plaintiff, by
suit, tried to collect the rents of Bear Bros. & Hirsch would not be
sufficient to establish any such implied agreement; and such fact of
suit, even if coupled with a knowledge on the part of Green that
the defendants were renting the property and applying the rents to
the payment of the debts due them from Bear Bros. & Hirsch,
would not raise any implied agreement of Green that the rents
should be so applied."

This was not a charge on the weight of evidence.

There is no error in the judgment and it is affirmed.

                                                AFFIRMED.

[Opinion delivered February 15, 1884.]