MARTIN v. STIRES et al. (No. 5356.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1914. On Motion for Rehearing, Dec. 23, 1914.)

1. APPEAL AND ERROR (§ 759*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, § 1612), providing that errors assigned in the motion for new trial shall constitute assignments and need not be repeated by the filing of assignments of errors, and that an assignment directing the attention of the court to the error complained of is sufficient, does not require the Courts of Civil Appeals

---

to consider an assignment not copied in the brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 724*) — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

An assignment of error failing to direct the court's attention to any error will not be considered in view of Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, § 1612), which declares that an assignment directing the court's attention to the error complained of is sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

3. APPEAL AND ERROR (§ 722*) — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

An assignment of error predicated on the admission of evidence of an assignee of a lessee in an action for rent, which is followed by an excerpt from the testimony and the objection thereto, is not a proposition of law, but will be considered in view of Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, § 1612), providing that an assignment directing the attention of the court to the error complained of is sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

4. LANDLORD AND TENANT (§ 208*)—ASSIGNMENT OF LEASEHOLD—RIGHTS AND LIABILITIES OF ASSIGNEE.

An assignee of a leasehold interest takes the place of the lessee with all his rights and subject to his liabilities, and must pay the stipulated rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

5. WORDS AND PHRASES—"ASSETS."

The "assets" of a company occupying premises as a tenant include the leasehold interest.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assets.]

On Motion for Rehearing.

6. LANDLORD AND TENANT (§ 79*)—ASSIGNMENT OF LEASEHOLD INTEREST—LIABILITY OF ASSIGNEE.

Where a lease terminable at the end of any quarter was assigned, the assignees could terminate the lease at the end of any quarter, and thereby escape liability for rent, though unable by the act of the landlord to remove their property.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 235, 244–253; Dec. Dig. § 79.*]

7. TRIAL (§ 250*) — ISSUES — SUBMISSION TO JURY.

A case should be submitted to the jury on the issues raised by the pleadings and evidence, and the jury should not be permitted to dispose of a case on pleadings unsupported by evidence or evidence not supported by pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by George S. Martin against Vernon S. Stires and another. From a judgment granting insufficient relief, plaintiff appeals. Reversed and remanded, and motion for rehearing overruled.

Leo Tarleton, of San Antonio, for appellant. Phil H. Shook and S. C. Eldridge, both of San Antonio, for appellees.

FLY, C. J. This is a suit for rent, accompanied by a distress warrant, instituted by appellant in the justice's court, who claimed $175. In the justice's court appellant obtained judgment for $175 and a foreclosure of his lien. The cause was appealed to the county court, and in a trial by jury a verdict was rendered for $42.50 in favor of appellant.

[1, 2] By the act of April, 1913, it is provided that the errors assigned in the motion for new trial shall constitute assignments and need not be repeated by the filing of assignments of errors, and that an assignment shall be sufficient which directs the attention of the court to the error complained of. Gen. Laws 1913, p. 276 (Vernon's Sayles' Ann. Civ. St. 1914, § 1612). Liberal as that law is, it does not require Courts of Civil Appeals to consider an assignment that is not copied into the brief. The first assignment is:

"Plaintiff's motion for new trial in paragraphs 1, 2, 3, 4, and 5, embraces one subject, and are here submitted and prayed to be taken as one assignment of error. Trans. pp. 16, 17."

That assignment fails to direct the attention to any error. It will not be considered.

[3] The seventh assignment of error is the next found in the brief, and is as follows:

"The seventh assignment of error is predicated on the bill of exceptions included in the statement of facts, page 7, is and was to that part of the testimony of Stires, defendant."

And then follows an excerpt from the testimony of Stires and the objection to the testimony, and after that it is stated:

"This is a proposition within itself, as the terms and conditions of the assignee's holdings were in law conclusively the same as his assignor, and it matters not whether he even knew of such terms or not, he was bound in law by them."

There is no proposition of law whatever in the assignment of error, and the proposition stated as being embodied in the assignment is not contained therein; but it may be that, under the charitable cover of the law of 1913, the statement which follows the assignment, when read in connection with the testimony and objections embodied in the assignment, is sufficient to direct the attention of the court to the error complained of. Very liberally construed, the assignment of error assails the action of the court in permitting Stires to swear that he had never agreed to pay the rent.

[4] The facts are that appellant had rented a piece of land adjoining the building he was occupying to the Schuler Company to be used for advertising purposes at the rate of $55 in advance for each three months; that the Schuler Company sold out their business to appellees, and they entered into possession of the premises, but refused to pay

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

any rent to appellant, and under the terms of the contract with Schuler Company $165 was due for rent. The Schuler Company asked appellant if he would take Stires as his renter, and appellant swore that this was done in the presence of Stires. Time and again the rent was demanded of Stires, but he refused to pay on the ground that the rent was too high.

The Schuler Company transferred to appellees their entire interest in the lease of the premises, and, whether they agreed to pay the rent or not, they became the tenants of appellant and liable to him for the rent in the same amount that the Schuler Company was paying. Appellees were the assignees of the leasehold interest and put themselves in the place of the Schuler Company, with all its rights and subject to its liabilities. Tiffany, Landlord and Tenant, p. 908; Harvey v. McGrew, 44 Tex. 413; Le Gierse v. Green, 61 Tex. 128; Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481.

[5] The rental contract made by the Schuler Company became the contract of the Stires Company when they became the assignees of the lessees' leasehold interest. The evidence shows that the Schuler Company sold its entire leasehold interest in the property to appellees, and they became liable on all the covenants of the original lease. The jury evidently found that appellees were in possession of the space by finding against them for some rent. Stires admitted that he bought all of the assets of the Schuler Company, and undoubtedly the leasehold interest was a part of the "assets."

The tenth and eleventh assignments of error raise the questions hereinbefore discussed and are sustained. Whether Stires agreed with appellant to pay the rent or not, he became liable when he purchased the leasehold interest of the Schuler Company.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

No issues were submitted to the jury. The court gave no instructions whatever, and we are unable to determine upon what issues the jury found for appellees. Appellees did not defend on the ground that they were prevented from removing their property and terminating the lease at the end of a quarter, and neither that issue, nor that as to the ordinance of the city prohibiting the placing of signs where they were placed, is made by the pleadings. The testimony on those points was without pleadings to sustain it. The jury were left at sea as to the law and rendered a verdict without any pleadings or evidence to sustain the same.

[6, 7] If appellees bought the leasehold interest of the Schuler Company, they were bound for the rent he had agreed to pay so long as they occupied the rented space, unless they were prevented by appellant from moving from the land at the end of the quarter for which the Schuler Company had paid. The Schuler Company, or its grantee, had the right to terminate the lease, under the terms of the lease, at the end of any quarter, and, unless it had been terminated by appellees repudiating the lease and endeavoring to remove their property, they would be liable for the rent, provided they were not prevented from removing the property by appellant. The cause should be submitted to a jury on the issues made by both pleadings and evidence, and the jury should not be turned loose without rudder or compass to wander through the mazes of pleadings unsupported by evidence, or evidence not supported by pleadings.

The motion for rehearing is overruled.