ABLON v. WHEELER & MOTTER MERCANTILE CO.     (No. 7396.)*

(Court of Civil Appeals of Texas. Dallas. June 19, 1915. On Motion to Certify to Supreme Court, Oct. 23, 1915.)

1. PLEADING �köö258—AMENDMENT OF ANSWER AT TRIAL.

There was no error in refusing to permit defendant during the trial to amend his answer by setting up a deed of trust and introducing a new defense based thereon, which would necessitate a continuance to enable plaintiff to meet it; all the facts and circumstances showing that defendant was put on inquiry and had sufficient time to have ascertained the exact condition of affairs, and that if he did not know it it was due to his negligence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 765–782; Dec. Dig. ⊚ köö258.]

2. TRIAL ⊚köö250 — INSTRUCTIONS — CONFORMITY TO ISSUES.

An instruction presenting an issue unauthorized by any pleading, or even by the evidence, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. ⊚köö250.]

3. NEW TRIAL ⊚köö102—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Defendant is not entitled to a new trial on the ground of newly discovered evidence, a deed of trust. of which the circumstances put him on inquiry.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. ⊚köö102.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by the Wheeler & Motter Mercantile Company against Ben Ablon. Judgment for plaintiff, and defendant appeals. Affirmed, and motion to certify questions overruled.

Carden, Starling, Carden, Hemphill & Wallace, Towne Young, Victor H. Hexter, and A. B. Lacy, all of Dallas, for appellant. Short & Feild, of Dallas, for appellee.

RAINEY, C. J. In June, 1907, J. W. Tobolowsky was engaged in the mercantile business at McAlester, Okl. Being financially involved, a petition in bankruptcy was filed against him. Tootle, Wheeler & Motter Mercantile Company, one of his creditors, agreed to help him. A convention of the creditors was had, who agreed to take 40 per cent. of their indebtedness in settlement, and said mercantile company agreed to advance the money to pay the other creditors, if the full amount of its claim was secured. Said mercantile company advanced the money, and said creditors were paid their 40 per cent., and J. W. Tobolowsky executed to said mercantile company his two promissory notes, one for $1,315 and the other for $1,500, the latter signed by Ben Ablon, and the stock of goods of said Tobolowsky was placed in the hands of a trustee for sale to pay off said indebtedness. The note first falling due, $1,315, was paid off, and the other was reduced in amount by payments to about $900, when on October 30, 1911, appellee, successors to Tootle, Wheeler & Motter Mercantile Company, brought this suit against J. W. Tobolowsky and Ben Ablon to recover the balance due on the $1,500 note. Tobolowsky was dismissed from the suit, and of which there is no question raised, and Ben Ablon is the only defendant. He pleaded that he signed the note as surety and that he did so with the understanding that the proceeds arising from the sale of the goods placed in the hands of the trustee should be first applied to the payment of the $1,500 note, which was not done; that the note was procured by duress and fraud on the part of the mercantile company, in that they agreed to accept 40 per cent. of their indebtedness, as did the other creditors, but after the meeting of the creditors, and before they would advance the money to pay the other creditors, they required Tobolowsky to secure them in the full amount of their debt, which he did to prevent being forced into bankruptcy. A trial resulted in a judgment against Ablon, and he appeals.

[1] 1. On the trial, after the plaintiff and defendant had both introduced their direct testimony, plaintiff in rebuttal offered in evidence a deed of trust executed by J. W. Tobolowsky to J. J. Tuehy, agent of the mercantile company, conveying the entire stock of merchandise, fixtures, etc., to be held in trust, with power of sale in the usual course, to keep the property insured, to replenish the stock, to pay expenses of running the business, and balance of the proceeds arising from the sales to be applied on said indebtedness. At this point in the trial defendant claimed that he knew nothing of said deed of trust, and asked leave of the court to amend his answer that he might set up in effect said deed of trust, that it was a security for said note, that the value of said security was in excess of said indebtedness, and that the same had been negligently dissipated by said mercantile company, but for which said note would have been paid off and discharged. The plaintiff objected to the filing of said amendment:

"Because said defendant had ample opportunity to obtain said deed of trust if he desired. J. W. Tobolowsky was his codefendant in this action and resided at McAlester, in the state of Oklahoma, as defendant well knew when said

deed of trust was executed. That it was filed for record on the 10th day of July, 1907, that this suit was brought on the ——— day of 19—, against defendant and J. W. Tobolowsky, and has been pending ever since. That said amendment, if allowed, introduced into the case a new defense, which would necessarily result in a continuance to enable the plaintiff to show that the goods mentioned in the notice were removed from Oklahoma without the plaintiff's knowledge and with the knowledge and consent of the defendant."

The court refused to permit defendant leave to file said trial amendment, to which action of the court in refusing defendant leave to amend the defendant then and there duly excepted. We are of the opinion that the court did not err in refusing to permit appellant to amend his answer as requested. He pleaded that the goods were placed in the hands of a trustee for sale, and that the note was to be paid out of the first proceeds of sale. Said deed of trust was properly recorded in Oklahoma. He was a nephew of J. W. Tobolowsky, and B. Tobolowsky, J. W. Tobolowsky's brother, was placed in charge of said goods for the purpose of disposing of the same, and several years elapsed before this suit was brought. All the facts and circumstances, we think, show that appellant was put upon inquiry and had sufficient time to have ascertained the exact condition of affairs; if he did not in fact actually know the true condition, it must be attributed to his own negligence.

[2] 2. The court did not err in refusing to give appellant's special charge to the effect to find for him if they believed plaintiff caused the surrender of securities sufficient to pay the said note to J. W. Tobolowsky, or, if not sufficient to satisfy the note, to credit the value of what was turned back on said note. There was no pleading by appellant that authorized the presentation of such an issue. Besides, there is no evidence showing the value of the goods returned to J. W. Tobolowsky.

[3] 3. The court did not err in failing to grant appellant's motion for a new trial on the ground of newly discovered evidence, which was the deed of trust introduced by plaintiff, and for which the appellant had asked leave to amend. As above stated, we think there was no just ground for appellant's being surprised, as the circumstances shows put him on inquiry, and our discussion of the question of refusal to allow appellant to amend applies to the question of newly discovered evidence.

4. On the issue pleaded by appellant that he signed said note as security with the understanding that the proceeds of sale of the goods should be first applied to the note here sued on, we will say that there was sufficient evidence to support the jury's verdict that there was no such understanding by the mercantile company or its agent.

5. We also think the evidence sustains and authorizes the verdict on the question of duress and fraud.

There is no error in the charge of the court upon the burden of proof.

Finding no reversible error in the record, the judgment is affirmed.

## On Motion to Certify to Supreme Court.

The appellant moves this court to certify this case to the Supreme Court, because in conflict with the opinions of the Courts of Civil Appeals at El Paso and at Ft. Worth. He states in his motion:

"This honorable court, through Chief Justice Rainey, in the above cause, on the question of principal and surety, held that though it was apparent of record that the creditor (the appellee in this cause), which was a trustee, and in the possession of securities held for the payment of the note sued on, negligently surrenders said securities to the principal debtor, and allows him to remove same out of the state, such action on the part of the creditor does not discharge the surety, nor release him pro tanto to the amount of such surrendered security."

In the opinion we used no such language as above set out, nor did we hold or intimate that such was not the law. What we held was that there was no pleading presenting such an issue. On the issue pleaded that appellant signed the note with the understanding that the proceeds of sale of the goods should first be applied to the note, the evidence was sufficient for the jury to find against him. We concluded that appellant signed the note without reference to what disposition was made of the goods.

The motion is overruled.