## UNION PAINLESS DENTISTS et al. v. GUERRA. (No. 6620.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 9, 1921.)

**1. Master and servant ⬤⟹333—Verdict for servant held not to support judgment against employer.**

An answer of jury to special issue that plaintiff became poisoned either by drug used by defendant dentist's operator or by instruments used by him, or by the manner of their use, or by both, was inconsistent with a finding that the facts did not constitute negligence on the part of the operator himself, and a judgment for plaintiff could not stand.

**2. Master and servant ⬤⟹333 — Finding for servant precludes recovery against employer.**

Where employé of defendant dentist, in pulling a tooth, negligently poisoned plaintiff, jury could not find against the dentist and in favor of his employee in an action for damages.

**3. Trial ⬤⟹362—Court should not indicate inconsistency in answers to issues when sending jury back to reconsider findings.**

Where jurors returned answers to special issues inconsistent with one another and which would not support a general verdict, court should not have indicated to the jury what was deemed to be an inconsistency, but should have only retired the jury for further consideration.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Albert Guerra against the Union Painless Dentists and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Guinn & McNeill and Henry & Bickett, all of San Antonio, for appellants.

James Callaghan and Norton & Brown, all of San Antonio, for appellee.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FLY, C. J. This is a suit for damages instituted by appellee against the Union Painless Dentists, a partnership composed of A. D. Zucht, I. L. Feller, and Lottie Zucht, and against the last three individually, alleging that they were engaged in the practice of dentistry and holding themselves out as competent and skilled dentists in San Antonio, Tex., and that on August 10, 1920, they undertook to extract a tooth for appellee, and, in extracting it, were so careless and negligent as to poison him, either by use of a drug or the instrument used by them, whereby he was greatly damaged. The cause was submitted to a jury on special issues, and upon the responses thereto judgment was rendered in favor of appellee for $4,000.

The special issues with the answers first given are as follows:

"(1) Did one of the employees of defendants, employed by them in the performance of dental services, extract a tooth for plaintiff at or about the time mentioned in plaintiff's petition? Answer: We, the jury, answer 'Yes.'

"(2) If you answer 'Yes' to Question 1, then was said operation of extracting plaintiff's tooth performed in such manner that plaintiff became poisoned, either by the drug used by the operator, or by the instruments used by him, or by the manner of their use, or by both? Answer: We, the jury, answer 'Yes.'

"(3) If you answer 'Yes' to Question 2, then did the facts so found by you constitute negligence on the part of such employee of defendants? Answer: We, the jury, answer 'No.'

"(4) If you answer 'Yes' to question 3, then did such negligence directly cause or contribute to any injuries to plaintiff which are alleged in the petition? Answer: We, the jury, answer:
————.

"(5) If you answer 'Yes' to the foregoing questions, then did plaintiff fail to properly care for himself after the extraction of his tooth? Answer: We, the jury, answer 'No.'

"(6) If you answer 'Yes' to question 5, then, in so failing was plaintiff guilty of negligence; that is, did plaintiff fail to exercise that degree of care which a person of 'ordinary prudence would use under the same or similar circumstances? Answer: We, the jury, answer 'No.'

"(7) If you answer 'Yes' to Question 6, then did such negligence directly cause or contribute to plaintiff's injuries? Answer: We, the jury, answer 'No.'

"(8) What amount of damages, if any, would reasonably compensate plaintiff for such injuries, if any, as you may find from the evidence to have been sustained by him as alleged in his petition? Answer: We, the jury, answer '$4,000.' "

When those answers were returned into court and read by the clerk, the trial judge instructed the jury as follows:

"Gentlemen of the jury, referring to the verdict returned by you, I must call your attention to the fact that your answer to question 3, and your failure to answer question 4, are inconsistent with your answer to question 8. You are therefore instructed to reconsider your verdict in view of this inconsistency."

The jury then retired and returned the same answers as before, except they had changed their answer to the third issue from the negative to the affirmative, and to the fourth issue answered "Yes." Upon those answers the judgment was rendered.

The action of the court in giving the last instruction, herein copied, in not rendering a judgment for appellants on the verdict as originally returned, in requiring a second response to the issues; and in rendering a judgment for appellee on the second response is made the subject of the nine assignments of error. It presents only one question, the authority of the trial judge to deliver the special charge after a verdict had been received and read by the clerk.

The court did not give any instruction to the jury as to the act or omission of the servant, within the scope of his employment, being the act of the master, although no negligence was, under the charge, to be inquired into except that of the servant. It was his act in extracting the tooth and using a poisonous drug or instrument, and, although negligence is defined and the duty of a dentist to use skill and care and diligence is enjoined, nothing is intimated to the jury about the master being liable for the acts of the servant. In this state of affairs the jury, unlearned in the law, were utterly at sea, as is evidenced by findings that the servant extracted the tooth, that he performed that service in such a manner as to poison or infect the mouth of appellee, but in using a poisonous drug or infected instrument the servant was not guilty of negligence, and, so finding, did not answer issue 4, because the court had told them that only in the event they answered question 3 in the affirmative should they answer No. 4. In no part of the charge was the negligence of appellants mentioned, but the negligence of the servant alone, which doubtless confused the jury and caused them to return inconsistent answers to the issues.

[1] The court indicated to the jury that there was an inconsistency between the answer to No. 3 and failure to answer No. 4, and the answer to No. 8, which merely found that appellee had been damaged in the sum of $4,000. The inconsistency, however, was between the response to question 2 and question 3, the first finding that the employé had poisoned or infected appellee, and the last that this act on his part was not negligence. The first verdict was so utterly inconsistent and unreasonable that a judgment could not be based on it.

[2, 3] The last verdict was one that the jury must have inferred from the special charge of the court that he desired should be rendered. There was but one construction that could be placed upon the charge, and that was they had found that the plain-

tiff was entitled to damages in the sum of $4,000, and they were not authorized to do that unless they changed their answer to No. 3 to "Yes," and answered No. 4 "No." The first verdict of the jury was evidently an attempt to shield the servant and find against the master, which, of course, could not be legally done. The court should not have indicated to the jury what was deemed by him to be an inconsistency, but, if not satisfied with the verdict, should have retired the jury for further consideration of their verdict.

The judgment is reversed, and the cause remanded.