**WICHITA VALLEY RY. CO. et al. v. SOUTHERN CASUALTY CO. (No. 2453.)**

(Court of Civil Appeals of Texas. Amarillo. April 8, 1925. Rehearing Granted May 6, 1925. Rehearing Denied May 27, 1925.)

**1. Trial ☞29(1)—Judge's remark as to effect of jury's answer to certain issue held error.**

Judge's remark, in jury's presence, that their answer to certain issue would cause appellee's attorney some worry, whereupon jury sought and secured permission to change answer, *held,* error.

**2. Appeal and error ☞1046(5)—Judge's remark as to effect of jury's answer to certain issue held not reversible error.**

Judge's remark, in jury's presence, that their answer to certain issue would cause appellee's attorney some worry, whereupon they changed answer, *held,* not reversible error, in absence of pleading authorizing introduction of evidence on such issue, which therefore was immaterial, and could not have affected judgment.

**3. Appeal and error ☞1062(5)—Submission of immaterial issues and answers thereto not grounds for reversal, if judgment is not in conflict with findings on material issues.**

Issues not arising under pleadings are immaterial, and their submission and inconsistent answers thereto not grounds for reversal, if judgment is not in conflict with findings on material issues.

**4. Railroads ☞307(4)—Watchman, not required at crossing not extraordinarily dangerous.**

Railroads are not required, as matter of law, to keep watchman, lights, or gong at crossings not peculiarly and extraordinarily hazardous.

**5. Railroads ☞350(3)—Placing cars on siding, obstructing view of crossing, held not negligence per se.**

Placing box cars on side track, obstructing view of one approaching railroad crossing, *held* not negligence per se, but evidentiary only, to be considered by jury in connection with conditions then existing thereat, in determining whether railroad exercised due care in operating train over such crossing.

On Motion for Rehearing.

**6. Trial ☞232(2), 352(1)—Duty to maintain watchman at crossings held sufficiently stated in charge and issues submitted.**

Charge on negligence and issues submitted *held* sufficient to inform jury as to railroad's duty to maintain watchman only at peculiarly or extraordinarily hazardous crossings.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by the Southern Casualty Company against the Wichita Valley Railway Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, and Bullington, Boone & Humphrey and Jno. B. King, all of Wichita Falls, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

RANDOLPH, J. On the night of the 2d of September, 1922, at the point where the line of the railroad of the Wichita Valley Railway Company intersects Scott street in the city of Wichita Falls, an accident occurred in which an automobile owned by one W. R. Ferguson, and being driven by him, was struck and damaged by a train of cars operated by the Wichita & Southern Railway Company. The train was in charge of the employees of the Wichita & Southern Railway Company, and was being operated over the track of the Wichita Valley Railway Company, and consisted of an engine, tender, and eight box cars. The damage to the automobile was adjusted and paid to Ferguson by appellee, casualty company, in which company Ferguson was carrying insurance, and appellee brings this suit by reason of doing so, and by virtue of a transfer from Ferguson, and of being subrogated to all of Ferguson's rights. The trial court rendered judgment in favor of appellee, and appeal has been taken from that judgment.

[1] Appellants, by their first and second propositions, allege error on the part of the

---

trial court in communicating to the jury the effect of their answer to specially requested issue No. 7, and in permitting the jury to change their answer to such issue from "No" to "Yes." From defendant's bill of exceptions, the following statement of the occurrence upon which the error is assigned was taken:

The jury reported to the court that a verdict had been agreed on, and the judge received the verdict and read the questions and the answers to same, and asked the jury if they constituted their verdict, to which the foreman replied that same was their verdict. The judge thereupon remarked, in the presence and hearing of the jury, that their answer to a certain issue would cause Bert King (attorney for plaintiff) some worry. In his approval of the bill of exceptions, the trial judge appends the following explanation of his action and remarks:

"While reading the verdict to the jury, it was discovered by the court that the foreman had neglected to sign the same, and thereupon the issues were returned to the foreman for his signature before the jury left the box—while he was signing the issues the remark in question was made, whereupon several of the jurors indicated that they did not intend to answer said issue as it was answered, and requested permission to change the answer, which was given."

[2] The jury thereupon changed their answer from "No" to "Yes." As stated there can be no question but that the information furnished the jury caused them to alter their verdict upon the issue in question, and was a grave error for the trial judge to have communicated the information to the jury that he did communicate to them. Union Painless Dentists v. Guerra (Tex. Civ. App.) 234 S. W. 688, 689. But this error does not so affect the whole of the verdict as to require a reversal of the judgment. It is true that this court held, in the case of Lorenzen v. Keenan, 266 S. W. 839, that it is reversible error for an attorney or judge to advise the jury what judgment will result from an answer to a special issue. But this was applied to a material issue in the case. However, that case, and our holding therein, is not applicable to the question here being considered so as to determine it. In that case the jury sought information from the court privately, as to what effect a controlling issue would have when answered "Yes" or "No," and, the court not being in session, and the jury not being in open court, we were considering the question of the communication of the court with the jury, giving the foreman of the jury an opportunity to mislead the balance of the jury by the opportunity afforded him in thus communicating with the jury, even though the judge declined to answer the question, and we were considering the question as to whether or not the judge should have had any communication with the jury out of court. In this case the jury had appeared in open court to announce their verdict. There was nothing wrong in their communicating with the judge, under the surroundings, court being in session. The error committed by the court in this case is not that he communicated to the jury new matter at a time or place not authorized by law but his error was the subject-matter of his communication. Error being conceded, was it such error as required a reversal of the judgment?

It will be observed from the statement of this occurrence, that no complaint is made that the jury changed their answer to any other than the seventh issue. The information furnished, so far as the changing of the verdict as a whole is concerned, had no effect except upon the answer to the one specially requested issue No. 7. That issue as submitted was as follows:

"You are instructed herein that an 'unavoidable accident' is an accident that is not contributed to by the particular negligence of either party. Now, bearing in mind this definition of unavoidable accident, you will answer the following question: Was the collision in question an unavoidable accident? Answer 'Yes' or 'No.'"

[3] This issue was submitted at the request of the defendants. There is no pleading to support this issue, or to authorize the introduction of evidence upon it, and it should not have been submitted to the jury. This being true, the issue as submitted was immaterial, and could not have resulted in affecting the judgment. Issues to be submitted to the jury must be such as arise under the pleadings in the case. Knight v. Southern Pac. R. Co., 41 Tex. 413. Immaterial issues submitted to the jury, and answered by them, cannot be made grounds for reversal, if the judgment is not in conflict with the findings upon material issues. Kelley v. Ward, 94 Tex. 294, 60 S. W. 311. The finding of a fact by a jury, not alleged in the pleading, is a nullity, and cannot affect the rights of either party to the suit. Cole v. Crawford, 69 Tex. 126, 5 S. W. 646. A jury's finding upon an immaterial issue is not cause for reversal. Douglas v. Baker, 79 Tex. 499, 503, 15 S. W. 801. An instruction which submits an issue not raised by the pleadings is an instruction upon an immaterial matter, and hence erroneous. Western Union Tel. Co. v. Kersten (Tex. Civ. App.) 161 S. W. 369, 1091; Gulf, etc., R. Co. v. Bowers (Tex. Civ. App.) 175 S. W. 861; Martin v. Stires (Tex. Civ. App.) 171 S. W. 836; Ablon v. Wheeler, etc., Mercantile Co. (Tex. Civ. App.) 179 S. W. 527.

It naturally follows that where an immaterial issue has been submitted to the jury, the misconduct of the court and jury in arriving at an answer to such issue, which is

disconnected with any other issue in the case, and which has had no effect upon the jury's answers to other issues, will not cause a reversal of the case. The appellants contend that the conduct of the jury, in immediately adopting and appropriating the remarks of the court, and in altering their verdict accordingly, indicates that they had first ascertained the effect their answer would have upon plaintiff's recovery before giving such answers. There is no evidence to support this contention, and we have no authority to indulge in a presumption that such was the jury's intention when answering the other issues in the case.

For the reasons stated, we overrule propositions Nos. 1 and 2, and the assignments upon which they are based.

Appellants further contend, under their propositions Nos. 3, 4, 5, and 6, that the trial court erred in submitting to the jury, as a distinct ground of negligence, failure of appellants to keep a watchman at the crossing without a proper instruction, or any instruction, explaining the law relating to the subject of the duty of the appellants to maintain a watchman at said crossing; and not submitting to the jury, as a distinct ground of negligence, the failure of the appellants to have and maintain an electric bell or gong or other warning device at this crossing; likewise without a proper or any instruction as to the law on the subject or the duty of the appellants to maintain such bell or gong, and of the submission, as a distinct ground of negligence, appellants failing to maintain a light at such crossing, without any or a proper instruction. Appellants' propositions 7 and 8 raise practically the same error: (1) That if there was evidence that at the time of the accident the entire train was not connected up with air, the appellants were entitled to have submitted to the jury a special instruction informing the jury that the law did not require a railway company to maintain air through its entire train while doing switching work. (2) That, if the evidence shows that at the time of the accident the appellants were operating a train by pushing a string of box cars, and if appellant was not negligent per se in so operating such train, appellant was entitled to have the jury so instructed, and a like claim of error as to the placing of box cars on a siding obstructing a view of the track.

The trial court gave charges defining negligence, contributory negligence, and proximate cause. Upon the issues complained of in propositions 3, 4, 5, 6, 7, and 8, the following special issues were submitted to the jury:

"Bearing in mind the above and foregoing definitions, you will answer the following special issues:

"Issue No. 1. Were the defendants or either of them guilty of negligence in their failure to have said street crossing lighted, if you find from the evidence that the same was not lighted? Answer 'Yes' or 'No.' Answer: ———.

"Issue No. 2. If you have answered the above and foregoing special issue in the affirmative, then find whether or not such negligence was a direct and proximate cause of the injuries to W. R. Ferguson's automobile, if any. Answer 'Yes' or 'No.' Answer: ———.

"Issue No. 3. Were the defendants or either of them guilty of negligence in placing the box cars as they were placed, parallel to the main track upon which cars were running? Answer 'Yes' or 'No.' Answer: Yes.

"Issue No. 4. If you have answered the above and foregoing special issue in the affirmative, then find whether or not such negligence was a direct and proximate cause of the injuries to W. R. Ferguson's automobile, if any. Answer 'Yes' or 'No.' Answer: Yes.

"Issue No. 5. Were the defendants or either of them guilty of negligence under the circumstances surrounding this crossing at the time of the collision, in failing to keep a watchman or flagman at said crossing to warn the public of approaching trains? Answer 'Yes' or 'No.' Answer: Yes.

"Issue No. 6. If you have answered the above and foregoing issue in the affirmative, then find whether or not such negligence was a direct and proximate cause of the injuries to W. R. Ferguson's automobile, if any. Answer 'Yes' or 'No.' Answer: ———.

"Issue No. 7. Were the defendants or either of them guilty of negligence in not providing gates or electric signals or gongs, whereby the passing public could have been warned of approaching trains? Answer 'Yes' or 'No.' Answer: ———.

"Issue No. 8. If you have answered the above and foregoing issue in the affirmative, then find whether or not such negligence was the direct and proximate cause of the injuries to W. R. Ferguson's automobile, if any. Answer 'Yes' or 'No.' Answer: ———.

"Issue No. 9. Were the conditions surrounding the crossing in question such as to render that crossing more than ordinarily hazardous or unusually dangerous at the time W. R. Ferguson attempted to cross? Answer 'Yes' or 'No.' Answer: ———."

[4] Appellants tendered special issues in due season, covering the character of instructions insisted on by them. From a reading of the issues submitted to the jury in the court's general charge, it will be seen that there are no explanatory charges defining the duties of the railway company to have their said crossings lighted, in placing the box cars parallel to the main track, in keeping a watchman or flagman at the crossing, in keeping the electric signals or gongs to warn the public. In addition to the general definition of negligence the court submitted issue No. 9 for the jury to answer. Appellants, as stated, tendered special issues informing the jury that the defendants did not have to keep a watchman at the crossing, or maintain lights, or keep a gong at the crossing, etc., unless the crossing in question was peculiarly and extraordinarily hazardous and dangerous. As a matter of law, the

defendants were not required so to do unless such was the condition of the crossing. The defendants were entitled that the jury should know for their guidance what constituted negligence in the particular instance. Hines v. Hodges (Tex. Civ. App.) 238 S. W. 349 (writ denied). Appellee, however, claims that issue No. 9 supplies the jury with the needed instruction. Does it do so? We think not. If the jury had had the proper instruction, that it was required of the defendants that they keep such watchman, provide such lights and gongs, only in the event named, then issue No. 9 would have furnished the court with a basis for judgment; but it cannot be said that there was an instruction to the jury that defendants were required to keep such watchman, lights, and gongs only in that event. Hence issue No. 9 did not cure this defect, but this should be made to apply at the time of the accident. Tisdale v. Panhandle & S. F. R. Co. (Tex. Com. App.) 228 S. W. 133, 16 A. L. R. 1264.

[5] The placing of the box cars upon the side track, obstructing the view of one approaching for the purpose of crossing the line of railroad is not per se negligence. In the case of M., K. & T. Ry. Co. v. Rogers, 91 Tex. 55, 40 S. W. 957, the Supreme Court, criticising a charge placing on the railway company the duty to use ordinary care and caution and avoid such obstructions on its right of way, says:

"The charge of the court assumes that it was the duty of the railway company as a matter of law to prevent the obstruction of the view of its track at the place indicated, and that a failure to perform that duty was negligence per se, for which plaintiff was entitled to recover without regard to the care with which the train was operated at the time. It was error in the court to so charge the jury. Whether the obstruction was placed upon the right of way by the company itself for its own use, or permitted by it to be placed there by another to be used in connection with the business of the road, is unimportant. There is no law which declares it to be the duty of a railroad company to keep its right of way free from obstruction, and therefore, the failure to do so cannot be declared as a matter of law to be negligence. It was a question of fact to be submitted to and found by the jury, whether under the circumstances the obstruction was such as to constitute negligence, * * * and whether under the conditions existing then and there the railroad company exercised due care in the operation of its train for the protection of persons passing over its road."

The placing of the cars upon the side track, as indicated, was evidentiary only, and the jury should have been told that such conduct of the defendants was to be considered by them, if they were guilty of same, in connection with the conditions then and there existing at such crossing, as to whether the appellants exercised due care in the operation of its train. I. & G. N. Ry. Co. v. Knight, 91 Tex. 660, 45 S. W. 556.

The appellants' contention that, in view of Ferguson's evidence, the burden of proof upon the issue of contributory negligence should have been placed upon the plaintiff, is not called for by the evidence. We do not care to discuss the evidence in detail, but content ourselves with the statement that there is no such proof of contributory negligence in the evidence of Ferguson as would require the shifting of the burden upon that issue from defendant to plaintiff.

The discussion of the preceding questions practically dispose of such assigned errors as are likely to arise upon another trial. We therefore, because of errors indicated reverse the judgment of the trial court, and remand the case for another trial.

### On Motion for Rehearing.

[6] In our original opinion we held that the trial court erred in submitting to the jury, as a distinct ground of negligence, the failure of appellants to keep a watchman at the crossing where the collision of the automobile with appellant's train occurred, without a proper, or any, instruction explaining the law relating to the duty of the appellants to maintain such watchman at the crossing. Under the facts of this case, and the general charge and the issues submitted to the jury, we think we were wrong in so holding. The trial court defined negligence to be:

"The doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the leaving undone of that which a person of ordinary prudence would have done under the same or similar circumstances."

He also submitted issues Nos. 9 and 5 as set out in the original opinion. Issue No. 9 is as follows:

"Were the conditions surrounding the crossing in question such as to render that crossing more than ordinarily hazardous or unusually dangerous at the time W. R. Ferguson attempted to cross?" which the jury answered "Yes."

And No. 5 is as follows:

"Were the defendants or either of them guilty of negligence under the circumstances surrounding this crossing at the time of the collision, in failing to keep a watchman or flagman at said crossing to warn the public of approaching trains?" Which the jury answered, "Yes."

This charge upon negligence, and the issues and answers thereto fully informed the jury that they must find that appellants were guilty of negligence as defined by the court; hence the charge and the issues submitted were sufficiently full and complete.

We therefore grant the appellee's motion for rehearing, set aside our judgment reversing the trial court's judgment, and now affirm the judgment of the trial court.