**WICHITA VALLEY RY. CO. et al. v.
SOUTHERN CASUALTY CO.**
(No. 795–4455.)

(Commission of Appeals of Texas, Section A.
June 9, 1926.)

**I. Appeal and error ☜1046(5).**

Judge's remark in jury's presence that answer to certain issue would cause plaintiff's attorney some worry, whereupon jury sought and obtained.permission to change answer, held prejudicial error.

**2. Trial ☜362.**

Where jury findings on special issues are in conflict, court should merely call attention thereto and permit them to retire for further consideration to eliminate conflict.

**3. Railroads ☜351(21)—Petition held to raise issue of whether accident at railroad crossing was contributed to by negligence of either party, and therefore instruction on unavoidable accident was material.**

Petition alleging railroad's negligence in crossing collision as proximate cause of injury, on which issue was joined, held to raise issues of whether accident was contributed to by negligence of either parties, and therefore instruction and issue on unavoidable accident was ma· terial.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the Southern Casualty Company against the Wichita Valley Railway Company and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (273 S. W. 680), and defendants bring error. Reversed and remanded.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bullington, Boone & Humphrey and Jno. B. King, all of Wichita Falls, and Thompson, Barwise & Wharton and F. B. Walker, all of Fort Worth, for plaintiffs in error.

Carrigan, Britain, Morgan & King, of Wichita Falls, for defendant in error.

BISHOP, J. In this case judgment of the district court of Wichita county in favor of defendant in error, Southern Casualty Company, rendered on the verdict of a jury on special issues, was by the Court of Civil Appeals affirmed. 273 S. W. 680.

The defendant in error sought recovery for damages to an automobile caused by a collision of said automobile and a train operated by the Wichita Falls & Southern Railway Company, on tracks belonging to the Wichita Valley Railway Company at a street crossing in the city of Wichita Falls, alleging that the negligence of plaintiffs in error was the proximate cause of the accident and damages in the following particulars, to wit: That they were negligent in failing to keep a watchman or flagman at the crossing to warn the public of approaching trains, and that they were negligent in not providing gates or electric signals or some other device whereby the passing public would have been warned of approaching trains.

The plaintiffs in error answered by general denial, and plea of contributory negligence on the part of W. R. Ferguson, who was driving the car at the time of the collision.

The jury, in response to the issues submitted, found that the evidence sustained these issues of negligence tendered by defendant in error and against the plea of contributory negligence.

The trial court at the request of plaintiffs in error submitted to the jury their special requested issue No. 7, as follows:

"You are instructed herein that an 'unavoidable accident' is an accident that is not contributed to by the negligence of either party. Now, bearing in mind this definition of unavoidable accident, you will answer the following question: Was the collision in question an unavoidable accident?"

When the jury reported to the court that a verdict had been agreed on, and delivered same to the judge of the court, he read the questions and answers to same, and asked the jury if the answers constituted their verdict, to which the foreman replied that they did. While reading the verdict of the jury, the court discovered that the foreman had neglected to sign same, and returned the issues to the foreman for his signature before the jury left the box. While the foreman was signing the verdict, the judge stated in the presence and hearing of the jury that their answer to a certain issue would cause the attorney for defendant in error some worry. Upon such remark being made, some of the jurors requested that they be permitted to return to the jury room and change

their answer. The jury had answered special requested issue No. 7 in the affirmative. The court granted the request of the jury, and they returned to the jury room and within a few minutes, having changed their answer, reported same, answering said special requested issue in the negative. The plaintiffs in error objected and excepted to the court's remark to the jury that their answer to a certain issue would cause the attorney for defendant in error some worry, and to the action of the court in allowing the jury to change their answer to special requested issue No. 7, as being prejudicial to their interest.

[1, 2] The Court of Civil Appeals in its opinion stated that—

"There can be no question but that the information furnished the jury caused them to alter their verdict upon the issue in question, and was a grave error for the trial court to have communicated the information to the jury that he did communicate to them."

With this statement we agree. The remark was unwarranted, and should not have been made. The finding made by the jury on this issue was in conflict with the findings on the issue of negligence on the part of plaintiffs in error. While the court should have called the jury's attention to the fact that the findings were in conflict and permitted them to retire and further consider their verdict, having in view the elimination of the conflict, in doing so, the judge of the court should not have indicated that the verdict as returned might cause the attorney for one of the litigants worry. This remark was calculated to cause the jury to eliminate the worry, though it was the conflict and not the worry which should have been eliminated. Neither the judge of the court nor the jury should have been concerned with the worry. The verdict as finally returned into court was obtained by unfair means, and no verdict so obtained should be allowed to stand. Fairness is essential in the trial of all cases.

[3] The Court of Civil Appeals held that this remark was not prejudicial to the interest of plaintiffs in error, there being no pleading to support the issue of unavoidable accident, and that this issue for this reason was an immaterial one. We cannot agree with this holding. The court defined "unavoidable accident" as being "an accident that is not contributed to by the negligence of either party." The defendant in error in its petition tendered the issue as to whether the accident was proximately caused by the negligence of plaintiffs in error. On this tender issue was joined. Issue on the question of contributory negligence was also joined by the pleadings. These issues necessarily presented the question as to whether the accident was "contributed to by the negligence of either party." G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534.

We have therefore concluded that the remark of which complaint is made was improper, erroneous, and prejudicial to the interest of plaintiffs in error, and recommend that the judgment of both courts be reversed and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.