**OAK CLIFF STATE BANK & TRUST CO. v. BUNTING et al. (No. 1996.)*** ·

Court of Civil Appeals of Texas. El Paso. March 24, 1927.

New trial ⬅58—Jury's ignorance of effect of first finding did not warrant new trial because of second finding, made on polling jury after discharge, where first verdict was not defective (Rev. St. 1925, art. 2232).

That jury, in returning first verdict on special issue, did not know effect of their finding on judgment and that on second finding they did know its effect *held* not good cause, under Rev. St. 1925, art. 2232, for granting new trial, where verdict first rendered was in proper form and responsive to issue, and where case was resubmitted after discharge on polling jury at attorney's request.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by the Oak Cliff State Bank & Trust Company against George R. Bunting and others. Judgment for plaintiff, and, from an order granting defendants' motion for new trial, plaintiff appeals. Reversed with directions.

Read, Lowrance & Bates and J. P. Rice, all of Dallas, for appellant.

John T. Spann, of Dallas, for appellees.

WALTHALL, J. The appellant brought this suit against Geo. R. Bunting, Arthur Wilson, and Charles Clark to recover on a promissory note, and to foreclose a chattel mortgage on a motor truck. The note was of date July 5, 1922, the original sum $503.50, payable to the Engle Auto Sales Company, Inc., in weekly installments of $18 each, with interest. Certain payments had been made, reducing the principal to $297.25. It was alleged that appellant had purchased the note for a valuable consideration before maturity, without notice or knowledge of any want of consideration therefor by reason of any defect in the truck.

Appellee answered by general demurrer, special exceptions, and failure of consideration. The case was tried with a jury and submitted upon special issues. The first special issue submitted was:

"Was the note transferred to the Oak Cliff State Bank & Trust Company before any installment thereon became past due and unpaid?"

The jury retired to consider of their verdict and answered the question, "Yes." On other issues submitted the jury found that the consideration for the note had failed and the extent to which it had failed. The court asked the jury if this was their verdict, and the jury answered that it was. The court thereupon received the verdict and discharged the jury, telling them to get their cards and report to the central jury room. Immediately thereafter, the attorney for the appellees talked to some of the jurors, and then stated to the court that he desired to poll the jury. Appellant's attorney objected to the jury being polled after they had been discharged. The objection was overruled, and the jury was called back and polled. They stated, in substance, that they did not desire to find a verdict against appellee George R. Bunting. The court then sent the jury back to the jury room for further deliberation, with the charge. Thereafter the jury returned its verdict into court, in which second verdict they answered the above question, "No," instead of "Yes."

Appellant filed its motion for judgment which the court granted and entered judgment for appellant for the balance due on the note as above and the foreclosure of the mortgage lien on the truck.

On the same day appellees filed their motion for a new trial, which the court granted. This appeal was taken from the order of the court granting the new trial. The motion states that the judgment is contrary to the verdict of the jury and states the answer of the jury to the first question as above to be "No." In granting the motion for a new trial, the court necessarily considered the second answer of the jury to the above question as being the proper verdict upon which to enter judgment.

While appellant presents several propositions presenting other questions, the only one we think necessary to discuss on this appeal is the action of the court in granting the new trial under the facts substantially as above stated. Appellees have not favored us with a brief, and we are not advised as to their view of the question presented.

New trials may be granted and judgments arrested and set aside, on motion for good cause. Article 2232, R. S. 1925.

The only suggestion made as to the cause for granting the new trial and setting aside the verdict and judgment as based on the motion seems to be that the jury, in returning their first verdict, did not know the effect of their finding on the judgment that would be entered thereon, and on the second finding they did know. As stated, the jury did not desire to return a verdict upon which the judgment would be against one of defendants. Apparently no juror dissented from the verdict first returned, and neither party requested a poll of the jury.

The verdict was not informal or defective, but was in proper form and responsive to the issue submitted, and we see no good reason for resubmitting the case to the jury or sending them back for further deliberation. The action of the court in granting the new trial was not correcting a defective verdict, and apparently not at the request of the jury, but at the request of the defendants, appellees here. No new evidence was offered or heard.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied June 2, 1927.

We have concluded that no good cause is shown by the record for granting the new trial and setting aside the judgment rendered on the first verdict. It is not suggested here, nor in the motion for new trial, that the first finding of the jury on the issue submitted or the judgment was not supported by the evidence.

Appellant's contention is amply sustained by the following: Goodson v. Railway (Tex. Civ. App.) 189 S. W. 82; Hughes-Buie Co. v. Vasquez (Tex. Civ. App.) 202 S. W. 525; Wichita Valley Ry. Co. v. Southern C. Co. (Tex. Civ. App.) 273 S. W. 680; Crosby County Cattle Co. v. McDermett (Tex. Civ. App.) 281 S. W. 293.

The case is reversed, with directions that judgment be entered for appellant with foreclosure of its chattel mortgage lien.